IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT JOHN'S ORGANIC FARM and PETER DILL, individually,<br><br>           Plaintiffs,<br><br>   v.<br><br>GEM COUNTY MOSQUITO ABATEMENT DISTRICT, a political subunit of the State of Idaho, and GEM COUNTY, a political unit of the State of Idaho<br><br>           Defendants. | Case No. CV-04-87-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it a motion to intervene. The following parties seek to intervene in this action: (1) Idaho Farm Bureau Federation, (2) Potato Growers of Idaho, (3) Washington State Farm Bureau, (4) Washington State Horticultural Association, (5) Washington Association of Aerial Applicators, and (6) Potato and Onion Growers of Washington.

This action was brought as a private enforcement action under the Clean Water Act (CWA). Plaintiffs Saint John's Organic Farm and its owner, Peter Dill, challenge the ground and aerial application of pesticides by Gem County designed to control mosquitoes. Plaintiffs claim that the pesticides pollute the Payette River

**Memorandum Decision and Order – Page 1**

in Gem County, adversely affecting their use of the river.  They seek to require Gem County to obtain a National Pollutant Discharge Elimination System (NPDES) permit under the CWA before spraying.

The proposed intervenors – who the Court will collectively refer to as the Farmers – spray pesticides on their crops in Washington and Idaho.  They are concerned that if Gem County is required to obtain a permit, that precedent will be applied to them, imposing substantial additional costs on their operations.

In evaluating the Farmers' claim for intervention, the Court considers first that this is a private enforcement action limited in scope to the named defendants.  The Farmers do not allege that any of the defendants are members in their associations.  Thus, a decision in this case will not compel the Farmers to take any action.

Of course, other parties may attempt to use a decision in this case against the Farmers in later litigation.  Its precedential effect is hard to gauge in advance, however.  What effect would this decision have on Farmers from Washington, who operate outside the District of Idaho?  And as to the Farmers from Idaho, how will this decision be applied outside the context of pesticides, sprayed to control mosquitoes in Gem County, that find their way into the Payette River?

These questions illustrate that the impact of this case on the Farmers will be

**Memorandum Decision and Order – Page 2**

indirect at best.  Nevertheless, the Farmers do have a substantial economic interest that eventually, even if not directly, could be affected in some way by the decision made here.  While this interest is not substantial enough to warrant intervention, it is enough to authorize the Farmers to file amicus briefs.

The Court will therefore deny the motion for intervention but will allow the Farmers to file amicus briefs according to the same deadlines that apply to the defendants.  Counsel and the Court's staff discussed those deadlines.  While plaintiffs wanted briefing to begin earlier, the Court finds that the defendants have persuasive reasons for fixing the deadline for the filing of dispositive motions in mid-May, due to their schedules.  Thus, the deadline for the filing of dispositive motions shall be May 15, 2006.  Response briefs shall be filed on or before June 7, 2006, and reply briefs shall be filed on or before June 21, 2006.  A hearing will be held on June 29, 2006, at 1:30 p.m. in the James A. McClure Federal Building and U.S. Courthouse in Boise, Idaho.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to intervene (Docket No. 43) is DENIED.

IT IS FURTHER ORDERED, that the following parties are permitted to file

a joint amicus brief, governed by the same deadlines as the defendants: (1) Idaho Farm Bureau Federation, (2) Potato Growers of Idaho, (3) Washington State Farm Bureau, (4) Washington State Horticultural Association, (5) Washington Association of Aerial Applicators, and (6) Potato and Onion Growers of Washington.

IT IS FURTHER ORDERED, that all dispositive motions shall be filed on or before May 15, 2006. Response briefs shall be filed on or before June 7, 2006, and reply briefs shall be filed on or before June 21, 2006.

IT IS FURTHER ORDERED, that a hearing will be held on all pending motions on June 29, 2006, at 1:30 p.m. in the James A. McClure Federal Building and U.S. Courthouse in Boise, Idaho.

DATED: **April 7, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court